Filed 2/25/13  P. v. Ko CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>        v.<br><br>ELLEN WAISUM KO,<br><br>        Defendant and Appellant. | H038449<br>(Santa Clara County<br>Super. Ct. No. B1156428) |

After walking out of a Neiman Marcus retail store with a $1,195 Theory brand leather jacket stuffed in her purse, defendant, Ellen Waisum Ko was detained by store security.  When asked by security why she had taken the jacket without paying, defendant responded "I'm a pirate."  The Santa Clara County District Attorney charged defendant with one count of grand theft of personal property of a value over $950, a violation of Penal Code, section 484-487, subdivision (a).

During a jury trial, a number of loss prevention officers from other stores testified that defendant had stolen merchandise from their stores in the past.  After being apprehended on those prior occasions, defendant had stated either that she was a "pirate," or that she wanted the item and did not want to pay for it.  In relation to this evidence of prior offenses, the trial court offered a limiting instruction to the jury.  The court instructed that the evidence was being admitted for a limited purpose.  Not to show a predisposition to commit theft, or the offense that she was currently charged with, but

only to show intent, absence of mistake or accident, or common plan or scheme. Defendant took the stand in her own defense and admitted to taking the merchandise. She claimed that she was taking the merchandise as a protest of the poor conditions in garment factories around the world. The jury found appellant guilty of the sole offense. The court placed defendant on two years formal probation, on the condition she serve 180 days in county jail. The court awarded her 156 total days credit for time served. Appellant filed a timely notice of appeal on June 18, 2012.

On appeal, appointed counsel filed an opening brief which states the case and the facts but raises no specific issues. We notified defendant of his right to submit written argument in her own behalf within 30 days. Thirty days have elapsed and we have received nothing from the defendant. Pursuant to our obligation as set forth in *People v. Wende* (1979) 25 Cal.3d 436, we have reviewed the record but have found no arguable issues on appeal. Therefore, we will affirm the judgment.

**DISPOSITION**

The judgment is affirmed.

_____
                          RUSHING, P.J.

WE CONCUR:

_____
     PREMO, J.

_____
     ELIA, J.